IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:25-cv-195

KYLE BUSCH, Individually and as Trustee )
for the Samantha Lynn Busch Irrevocable )
Life Insurance Trust; and SAMANTHA )
BUSCH, Individually and as Trustee for the )
Kyle T. Busch Irrevocable Life Insurance )
Trust, )
           )
           Plaintiffs, )
           )
v. )
           )
PACIFIC LIFE INSURANCE COMPANY; )
RODNEY A. SMITH; and RED RIVER )
LLC, )
           )
           Defendants. )
           )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Pacific Life Insurance Company ("Pacific Life") hereby files this Notice of Removal of this action from the Lincoln County General Court of Justice, Superior Court Division, North Carolina, where this action was commenced, to the United States District Court for the Western District of North Carolina, the district embracing the place where the case is pending. In support of this Notice of Removal, Pacific Life states the following:

## TIMELINESS OF REMOVAL

1. On October 14, 2025, Plaintiffs filed their Complaint in the Lincoln County General Court of Justice, Superior Court Division, North Carolina, styled *Kyle Busch, Individually and as Trustee for the Samantha Lynn Busch Irrevocable Life Insurance Trust; and Samantha Busch,*

*Individually and as Trustee for the Kyle T. Busch Irrevocable Life Insurance Trust v. Pacific Life Insurance Company, Rodney A. Smith, and Red River LLC*, Case No. 25CV002675-540.  Copies of all process, pleadings, and orders filed in the state court action are attached as **Exhibit 1 through Exhibit 6**.

2.  The Complaint was served on Pacific Life through its registered agent on October 23, 2025.  Accordingly, service was effective on October 23, 2025.

3.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was effected within thirty (30) days of service of the Complaint on Pacific Life.  *See* 28 U.S.C. § 1446(b); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (notice of removal timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

## DIVERSITY JURISDICTION

4.  At the time the Complaint was filed, and at the time of removal, Plaintiffs Kyle T. Busch and Samantha Busch were, and continue to be, citizens and residents of North Carolina. *See* Compl. ¶¶ 9-10.  Similarly, at the time the Complaint was filed, and at the time of removal, Plaintiffs Kyle T. Busch and Samantha Busch in their capacities as trustees, respectively, of the Samantha Lynn Busch Irrevocable Life Insurance Trust and Kyle T. Busch Irrevocable Life Insurance Trust were, and continue to be, citizens and residents of North Carolina.  *Id.*; *see also Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) ("when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes").

5.  At the time the Complaint was filed, and at the time of removal, Pacific Life was and continues to be a corporation organized under the laws of the State of Nebraska with its principal place of business in the State of California.  Pacific Life is therefore a citizen of Nebraska

and California. 28 U.S.C. § 1332(c)(1) (deeming a corporation to be a citizen of the State where it is incorporated and of the State where it has its principal place of business).

6. At the time the Complaint was filed, and at the time of removal, Rodney A. Smith was and continues to be a citizen and resident of the State or Arizona. Compl. ¶ 13.

7. At the time the Complaint was filed, and at the time of removal, Red River LLC was and continues to be a limited liability company organized under the laws of Nevada with its principal place of business in the State of Nevada. Red River LLC's sole member is Rodney A. Smith. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *See Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citation omitted). Because Rodney A. Smith was and is a citizen and resident of the State of Arizona, Red River LLC is also a citizen of Arizona.

8. The parties are therefore citizens of different states, and complete diversity of citizenship exists in this case.

9. Pacific Life is authorized to represent that Defendants Rodney A. Smith and Red River LLC consent to the removal of this action. *Mayo v. Board of Education of Prince George's Cnty.*, 713 F.3d 735, 742 (4th Cir. 2013) (unanimity requirement satisfied by unambiguous representation that the other defendants consent to removal).

10. This Court has original jurisdiction over Plaintiffs' claims because this action presents a dispute between citizens of different states where, as set forth below, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Accordingly, this case is removable under 28 U.S.C. § 1441(a).

## NATURE OF THE ACTION

11.      The Complaint in this action asserts claims that allegedly arise out of "the design, sale, and administration" of several Pacific Life indexed universal life insurance policies (the "Policies") sold to Plaintiffs by Rodney Smith.  *See* Compl. at 1 (Introduction).[1]

12.      According to the Complaint, in 2017, Smith "approached Plaintiffs by portraying himself as a trusted 'Wealth Management and Insurance Specialist' and 'Retirement Planner' with direct access to Pacific Life's internal design and tax teams."  *Id.* ¶ 27.   Smith purportedly represented that he worked closely with Pacific Life to "develop exclusive retirement strategies for high-net-worth clients."  *Id.*

13.      The Complaint alleges that, by using Pacific Life's indexed universal life insurance products, Smith proposed "he could design a custom retirement plan for Plaintiffs that promised significant financial returns through a 'tax-free income plan' for life."  *Id.* ¶ 29.

14.      The Complaint further alleges that Smith "assured Plaintiffs that their policies would be 'fully funded' and 'final' after a limited number of premium payments."  *Id.* ¶ 81; *see also id*. ¶ 2 (alleging "the policies would be fully funded and self-sustaining after a limited number of annual premium payments, and would thereafter generate substantial, tax-free income for retirement").

15.      Because they allegedly relied on misrepresentations by the Defendants, the Complaint asserts "Plaintiffs believed they were securing a low-maintenance, high-return retirement investment product that would generate tax-free retirement income for life."  *Id.* ¶ 84.

---

[1] This Notice of Removal cites allegations of the Complaint for purposes of establishing federal jurisdiction only.  Pacific Life does not admit any allegations set forth in the Complaint and expressly reserves all of its defenses to the claims made in the Complaint.

16.     The Complaint alleges that Defendants' assurances the Plaintiffs "could stop premium payments after a few years and still receive substantial financial benefits was a gross misrepresentation of the policies' actual performance requirements and risks." *Id*. ¶ 84; *see also id*. ¶ 97 (alleging that representations regarding the funding of the Policies "were negligent and misleading" because "in fact continued payments or policy reductions were necessary to prevent lapse" of the Policies).

17.     The Complaint further alleges that Defendants used their expertise "to obscure the products' risks, mask excessive internal charges, and present speculative returns as assured outcomes." *Id.* ¶ 92.

18.     The Complaint alleges that, "[h]ad Plaintiffs been provided truthful and complete information, they would never have purchased these [P]olicies." *Id.* ¶ 94.

19.     In addition, the Complaint alleges that Pacific Life "was not acting as a neutral insurer but as an active financial advisor," and that "Pacific Life knowingly provided investment and tax advice in violation of its own internal compliance policies and state insurance law." *Id.* ¶¶ 48-49.  The Complaint also alleges that Pacific Life should be "vicariously liable" for the actions and omissions of Smith and Red River LLC.  *Id.* ¶¶ 133, 149.

20.     Based on the alleged wrongdoing, the Complaint asserts five claims or causes of action against Defendants for negligence, violation of North Carolina's Unfair and Deceptive Trade Practices Act, breach of fiduciary duty, and negligent misrepresentation.  *Id.* ¶¶ 109-204.

## AMOUNT IN CONTROVERSY

21.     Pursuant to 28 U.S.C. § 1332(a), where diversity exists, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

22.     In this case, Plaintiffs attempt to blame Defendants for the loss of millions of dollars.  The Complaint alleges that Plaintiffs paid $10.4 million in premiums under the Policies.  Compl. ¶ 102.  Plaintiffs seek actual damages, consequential damages, punitive damages, treble damages pursuant to N.C. Gen. Stat. § 75-16, prejudgment interest, attorneys' fees, and "such other and further relief as the Court deems just and proper" against Defendants.  *Id.* at 48-49 (Prayer for Relief).

23.     The Complaint alleges that, "[a]s a direct result of Defendants' actions, Plaintiffs have suffered significant net out-of-pocket losses totaling $8,582,007.00, missed opportunities to invest in more suitable and sustainable financial products, and severe financial instability and emotional distress.  Compl. ¶ 108.

24.     Where multiple plaintiffs assert a claim, the jurisdictional threshold can be satisfied by a single individual claim exceeding $75,000 or by aggregating the plaintiffs' unified claims.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 566–67, 125 S. Ct. 2611, 2625 (2005) (federal court may exercise supplemental jurisdiction over claims of diverse parties if at least one plaintiff satisfies amount in controversy requirement); *see also Snyder v. Harris*, 394 U.S. 332, 335, 89 S. Ct. 1053, 1056 (1969) (amount in controversy requirement satisfied where "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest").

25.     In addition to over $8.5 million in alleged "out-of-pocket" losses, the Complaint includes a demand for treble damages, punitive damages, and attorneys' fees.  Accordingly, there is no question that the threshold amount in controversy required for this Court's jurisdiction is satisfied in this action.

# CONCLUSION

26.      This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because Plaintiffs' claims present a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Accordingly, this case is removable under 28 U.S.C. § 1441(a).

27.      Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this action together with a copy of this Notice of Removal, will be filed with the Clerk of the Lincoln County General Court of Justice, Superior Court Division, North Carolina, and served on Plaintiffs' counsel.

This the 20th day of November, 2025.

/s/ Sarah Fulton Hutchins
Sarah Fulton Hutchins (NC Bar No. 38172)
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone:  (704) 372-9000
Facsimile:  (704) 334-4706
sarahhutchins@parkerpoe.com

Andrew P. Tabeling (NC Bar No. 58243)
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
Telephone: (919) 828-0564
Facsimile:  (919) 834-4564
andytabeling@parkerpoe.com

*Counsel for Defendant Pacific Life Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed with the Clerk of the Court using

the CM/ECF system and a true and correct copy was served by US Mail addressed to the following:

Joseph H. Karam, Esq.
JAMES, McELROY & DIEHL, P.A.
525 North Tryon Street, Suite 700
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
jhkaram@jmdlaw.com

Robert G. Rikard, Esq.
Annie D. Bame, Esq.
Ali Robertson, Esq.
RP LEGAL, LLC
2110 North Beltline Boulevard
Columbia, South Carolina 29204
Telephone: (803) 978-6111
rgr@rplegalgroup.com
annie@rplegalgroup.com
ali@rplegalgroup.com

*Counsel for Plaintiffs*

Red River, LLC
c/o Commercial Registered Agent
732 S. 6th Street, Suite R
Las Vegas, NV 89101

Rodney Smith
3813 S. River Drive
Tempe, AZ 85282

This the 20th day of November, 2025.

*/s/ Sarah Fulton Hutchins*
Sarah Fulton Hutchins (NC Bar No. 38172)
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
sarahhutchins@parkerpoe.com
*Counsel for Defendant Pacific Life Insurance Company*
